1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

SYLVIA MARIE AVILA,

12                          Plaintiff,

13              v.

14

15   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,

16                          Defendant.

Case No. EDCV 13-2113 JC

MEMORANDUM OPINION

17

## I.    SUMMARY

18

19          On November 27, 2013, plaintiff Sylvia Marie Avila ("plaintiff") filed a

20   Complaint seeking review of the Commissioner of Social Security's denial of

21   plaintiff's application for benefits.  The parties have consented to proceed before

22   the undersigned United States Magistrate Judge.

23          This matter is before the Court on the parties' cross motions for summary

24   judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

25   Court has taken both motions under submission without oral argument.  See Fed.

26   R. Civ. P. 78; L.R. 7-15; December 2, 2013 Case Management Order ¶ 5.

27   ///

28   ///

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is AFFIRMED.  The findings of the Administrative Law Judge

3    ("ALJ") are supported by substantial evidence and are free from material error.[1]

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    In November 2009, plaintiff filed applications for Supplemental Security

7    Income and Disability Insurance Benefits.  (Administrative Record ("AR") 197,

8    201).  Plaintiff asserted that she became disabled on September 1, 2004, due to

9    psychiatric problems, bipolar disorder, fibromyalgia, and osteoarthritis.  (AR 232).

10   The ALJ examined the medical record and heard testimony from plaintiff (who

11   was represented by counsel) and a vocational expert on June 8, 2012.  (AR 49-86).

12   On July 20, 2012, the ALJ determined that plaintiff was not disabled

13   through the date of the decision.  (AR 22-36).  Specifically, the ALJ found:

14   (1) plaintiff suffered from the following severe impairments:  fibromyalgia, right

15   knee degenerative changes, and bipolar disorder (AR 24); (2) plaintiff's

16   impairments, considered singly or in combination, did not meet or medically equal

17   a listed impairment (AR 24-26); (3) plaintiff retained the residual functional

18   capacity to perform sedentary work (20 C.F.R. §§ 404.1567(a), 416.967(a)) with

19   additional limitations[2] (AR 26); (4) plaintiff could not perform her past relevant

20   work (AR 34); (5) there are jobs that exist in significant numbers in the national

21   economy that plaintiff could perform, specifically addressing clerk, table worker,

22

23       [1]The harmless error rule applies to the review of administrative decisions regarding

24   disability.  See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v.

25   Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

26       [2]The ALJ determined that plaintiff:  (i) needed a sit/stand option; (ii) could have no more

27   than occasional interaction with supervisors; (iii) could have no more than frequent interaction with coworkers and the public; (iv) was limited to simple repetitive tasks; and (v) could perform

28   no more than occasional pushing or pulling with the right lower extremity.  (AR 26).

and ticket counter (AR 35-36); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 29).

The Appeals Council denied plaintiff's application for review.  (AR 1).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

> (1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.
>
> (2)   Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.
>
> (3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

///

3

(4)     Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5)     Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and

4

1  evidence that detracts from the [Commissioner's] conclusion.'"  <u>Aukland v.</u>

2  <u>Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d

3  953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

4  or reversing the ALJ's conclusion, a court may not substitute its judgment for that

5  of the ALJ.  <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

6  **IV.   DISCUSSION**

7         Plaintiff contends that a reversal or remand is required because the ALJ

8  inadequately evaluated the credibility of her subjective complaints.  (Plaintiff's

9  Motion at 3-13).  The Court disagrees.

10        **A.   Pertinent Law**

11        An ALJ is not required to believe every allegation of disabling pain or other

12  non-exertional impairment.  <u>Orn v. Astrue</u>, 495 F.3d 625, 635 (9th Cir. 2007)

13  (citing <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989)).  "To determine whether

14  a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ

15  must engage in a two-step analysis."[3]  <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028,

16  1035-36 (9th Cir. 2007); <u>see</u> Social Security Ruling ("SSR") 96-7p ("[Social

17  Security] regulations describe a two-step process for evaluating [a claimant's]

18  symptoms.").  "First, the ALJ must determine whether the claimant has presented

19  objective medical evidence of an underlying impairment 'which could reasonably

20  be expected to produce the pain or other symptoms alleged.'"  <u>Id.</u> (quoting

21  <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

22        "Second, if the claimant meets this first test, and there is no evidence of

23  malingering, 'the ALJ can reject the claimant's testimony about the severity of her

24

25  _____

26        [3]To the extent plaintiff suggests that SSR 12-2P provides a different process for
   evaluating the credibility of a claimant's subjective symptoms related to fibromyalgia (Plaintiff's
27  Motion at 10-11), plaintiff is incorrect.  SSR 12-2P expressly states that subjective symptom
   statements by a claimant with fibromyalgia are evaluated using "the [standard] two-step process
28  set forth in [Social Security] regulations and in SSR 96-7p."  SSR 12-2P at *5.

1   symptoms only by offering specific, clear and convincing reasons for doing so.'"

2   Id. at 1036 (citations omitted).  "In making a credibility determination, the ALJ

3   'must specifically identify what testimony is credible and what testimony

4   undermines the claimant's complaints.'"  Greger v. Barnhart, 464 F.3d 968, 972

5   (9th Cir. 2006) (citation omitted).  The ALJ's credibility findings "must be

6   sufficiently specific to allow a reviewing court to conclude the ALJ rejected the

7   claimant's testimony on permissible grounds and did not arbitrarily discredit the

8   claimant's testimony."  Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

9        To find a claimant not credible, an ALJ must rely either on reasons

10  unrelated to the subjective testimony (e.g., reputation for dishonesty), internal

11  contradictions in the claimant's statements and testimony, or conflicts between the

12  claimant's testimony and the claimant's conduct (e.g., daily activities, work

13  record, unexplained or inadequately explained failure to seek treatment or to

14  follow prescribed course of treatment).  Orn, 495 F.3d at 636; Robbins, 466 F.3d

15  at 883; Burch, 400 F.3d at 680-81; SSR 96-7p.  Although an ALJ may not

16  disregard a claimant's testimony solely because it is not substantiated

17  affirmatively by objective medical evidence, the lack of medical evidence is a

18  factor that the ALJ can consider in his or her credibility assessment.  Burch, 400

19  F.3d at 681.

20       Questions of credibility and resolutions of conflicts in the testimony are

21  functions solely of the Commissioner.  Greger, 464 F.3d at 972.  Accordingly, if

22  the ALJ's interpretation of the claimant's testimony is reasonable and is supported

23  by substantial evidence, it is not the court's role to "second-guess" it.  Rollins v.

24  Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

25       **B.    Analysis**

26       First, the ALJ properly discredited plaintiff's subjective complaints of pain

27  due to internal conflicts within plaintiff's own statements and testimony.  See

28  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended

1  (1997) (in weighing plaintiff's credibility, ALJ may consider "inconsistencies

2  either in [plaintiff's] testimony or between his testimony and his conduct"); see

3  also Fair, 885 F.2d at 604 n.5 (ALJ can reject pain testimony based on

4  contradictions in plaintiff's testimony).  For example, plaintiff testified at the

5  hearing that she experienced pain at a level of seven out of ten, every day,

6  24 hours a day, seven days a week, and that due to her extreme pain plaintiff "[did

7  not] sleep at all at night."  (AR 63-65, 70).  In contrast, as the ALJ noted, plaintiff

8  reported to doctors that she was "doing well and improving with regard to

9  fibromyalgia pain symptoms" while taking her prescribed medication.  (AR 28,

10 30) (citing AR 374 [plaintiff "doing better both with her fibromyalgia and with her

11 mood disorder" with prescribed medication]; AR 387 ["The [plaintiff] is feeling

12 really quite well on the combination of 150 mg of Lyrica 3 times a day along with

13 the Vicodin 4 a day."]; AR 392 [Lyrica "working very well" for fibromyalgia,

14 plaintiff "[f]eels like a new person"]; AR 393 [Lyrica "took away all [of

15 plaintiff's] pain" and "saved her life"]; AR 399 [plaintiff stated "taking a Vicodin

16 at night relieve[d] the pain . . . [o]therwise she [had] trouble sleeping at night"]).

17 Similarly, plaintiff reported taking lithium and "doing quite well" with her mood.

18 (AR 392).  At the hearing, plaintiff testified that since her 2009 hospitalization,

19 her bipolar disorder had "gotten better" and was "stable on [her] medications."

20 (AR 72).

21        Second, an ALJ may properly consider a plaintiff's failure to "seek

22 treatment or to follow a prescribed course of treatment" in assessing her

23 credibility.  See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).  An ALJ

24 may not reject symptom testimony, however, where a claimant provides "evidence

25 of a good reason for not taking medication."  Id. at 1284 (citations omitted).  Here,

26 as the ALJ noted, treatment records reflect that in July 2011 plaintiff reported that

27 she had stopped taking Lyrica because plaintiff "felt [it] was making her suicidal."

28 (AR 30) (citing AR 603).  Plaintiff suggests that her alleged side effect (*i.e.*,

1  suicidal thoughts) was a "good reason" for her not taking prescribed medication.

2  (Plaintiff's Motion at 8).  Nonetheless, evidence that, among other things, plaintiff

3  had taken Lyrica for several years with no reports of significant side effects, that

4  plaintiff experienced dramatic improvement in her symptoms while on the

5  medication, and that plaintiff apparently stopped taking it as prescribed without

6  consulting a physician, supported the ALJ's contrary finding and conclusion that

7  such lack of compliance "diminished" the credibility of plaintiff's subjective

8  complaints.  (AR 28; see, e.g., AR 393 [August 21, 2007 progress note reflecting

9  plaintiff said 75 mg of Lyrica taken twice a day "took away all [her] pain" and

10  "saved her life"]; AR 387 [March 21, 2008 progress note:  plaintiff reported

11  "feeling really quite well on the combination of 150 mg of Lyrica 3 times a day

12  along with the Vicodin 4 a day."]; AR 374 [January 20, 2009 progress note:

13  plaintiff reported "doing better" with her fibromyalgia while taking Lyrica and

14  other prescribed medication]).

15      Third, the ALJ observed that, contrary to plaintiff's alleged difficulty

16  concentrating due to her pain, plaintiff "did not demonstrate or manifest any

17  difficulty concentrating during the hearing."  (AR 28).  The ALJ was permitted to

18  rely on his own observations of plaintiff at the hearing as one of the several factors

19  affecting plaintiff's credibility.  See Drouin v. Sullivan, 966 F.2d 1255, 1259 (9th

20  Cir. 1992) (upholding credibility rejection where ALJ's observation of claimant at

21  the hearing was one of several legitimate reasons stated); see also Verduzco v.

22  Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (ALJ's reliance on observations of

23  claimant proper where ALJ pointed to plaintiff's affirmative exhibition of

24  symptoms which were inconsistent with both medical evidence and plaintiff's

25  other behavior and did not point to the absence of the manifestation of external

26  symptoms to discredit plaintiff, referring to the latter as disapproved "sit and

27  squirm" jurisprudence).

28  ///

8

1    Finally, an ALJ may discredit a plaintiff's subjective symptom testimony in

2  part because it is unsupported by objective medical evidence.  Burch, 400 F.3d at

3  681; Rollins, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected

4  on the sole ground that it is not fully corroborated by objective medical evidence,

5  the medical evidence is still a relevant factor in determining the severity of the

6  claimant's pain and its disabling effects.") (citation omitted).  Here, the ALJ

7  reasonably concluded that plaintiff's physical limitations were not as severe as

8  plaintiff alleged, in part because, as noted above, plaintiff's condition dramatically

9  improved with medication.  (AR 28; see AR 374, 387, 392, 393, 399); see, e.g.,

10  Warre v. Commissioner of Social Security Administration, 439 F.3d 1001, 1006

11  (9th Cir. 2006) ("Impairments that can be controlled effectively with medication

12  are not disabling for the purpose of determining eligibility for SSI benefits.")

13  (citations omitted).  This Court will not second-guess the ALJ's reasonable

14  interpretation of plaintiff's medical records, even if, as plaintiff suggests, such

15  evidence could give rise to inferences more favorable to plaintiff.  Robbins, 466

16  F.3d at 882 (citation omitted).

17    Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

18  **V.    CONCLUSION**

19    For the foregoing reasons, the decision of the Commissioner of Social

20  Security is affirmed.

21    LET JUDGMENT BE ENTERED ACCORDINGLY.

22  DATED:  June 19, 2014

23                                    /s/

24                               Honorable Jacqueline Chooljian
                                 UNITED STATES MAGISTRATE JUDGE
25

26

27

28

9